UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:  Case No. 08-11384--BKC-LMI
Chapter 7

HARDWARE IMAGINATION, INC.

_____Debtor_____/

**TRUSTEE'S MOTION TO APPROVE STIPULATION TO
COMPROMISE CONTROVERSY WITH SMOLER, LERMAN, BENTE &
WHITEBOOK, P.A. AND PAUL GROLL**

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Hardware Imagination, Inc. ("Trustee"), through counsel, moves this Court pursuant to Rule 9019 Fed.R.Bankr.P. and Local Rule 9013-1(D), for the entry of an order authorizing the compromise and settlement with Smoler, Lerman, Bente & Whitebook, P.A. ("SLBW") and Paul Groll ("Groll"), and as good cause for same, states as follows:

**Background**

1. On February 6, 2008, an involuntary Chapter 7 bankruptcy petition (the "Petition Date") was filed against Hardware Imagination, Inc. ("Hardware Imagination")(the "Debtor") which was assigned Case No.: 08-11384-BKC-LMI (the "Main Case").

2. From the Petition Date through March 26, 2008, the Debtor operated as a debtor-in-possession.

3. On March, 12, 2008, this Court entered its Orders for Relief in Involuntary Case and Setting Deadline for Filing Schedules, Statement of Financial Affairs and Other Documents (the "Orders for Relief") [D.E. #9].

4. On March 26, 2008, Joel L. Tabas was appointed Chapter 7 Trustee [D.E. #11].

Case No.: 08-11384-BKC-LMI
Adv. Proc. No. 10-2993-BKC-LMI-A

5.  On or about January 8, 2010, the Trustee made demand upon SLBW for the immediate repayment of the Transfers in the sum of $60,000.00 (the "Claim").

6.  On or about May 12, 2010, the Trustee filed his Complaint against SLBW and Groll, (the "Complaint") which was assigned Adversary Case No.: 10-2993-BKC-LMI-A (the "Adversary Proceeding").

7.  SLBW and Groll dispute the Claim and certain of the allegations set forth in the Adversary Complaint, and assert that they possess certain defenses to the Claim and the allegations set forth in the Adversary Complaint, including, without limitation, a "mere conduit" defense on behalf of SLBW, and the defense of a full prior release of all claims on behalf of Groll.

8.  In view of the cost of trying this matter to conclusion and the risks associated with trial, the Trustee believes that the following settlement of the claims asserted in the Trustee's demand is in the best interest of the Debtor's creditors, and, accordingly, has entered into a Stipulation to Compromise Controversy (the "Stipulation"), a true and correct copy of which is attached hereto as Exhibit "A" and incorporated by reference.

### The Proposed Settlement[1]

9.  Pursuant to the terms of the Stipulation, Paul Groll agrees to pay to the Trustee the lump sum of $20,000.00 in full and complete settlement of the Claim (the "Settlement Payment"), payable on or before August 22, 2011. The Settlement Payment shall be made payable to "Joel L. Tabas, Bankruptcy Trustee" and delivered to the Trustee, c/o Keith R.

---

[1] The following is only a summary of the terms of the settlement. The terms of the Stipulation control and all interested parties are urged to review same.

2

Case No.: 08-11384-BKC-LMI
Adv. Proc. No. 10-2993-BKC-LMI-A

Gaudioso, Esquire, Tabas, Freedman, Soloff, Miller & Brown, P.A., One Flagler Building; 14 N.E. First Avenue, Penthouse, Miami, Florida 33132.

10.     The Trustee, on behalf of the Estate, upon (i) execution of this Stipulation, (ii) entry of the Approval Order,  and (iii) receipt of the Settlement Payment, releases Smoler, Lerman, Bente & Whitbook, P.A. and Paul Groll, and their subsidiaries, and affiliates, jointly and severally, from any and all claims, counterclaims, avoidance actions, demands, damages, debts, agreements, covenants, suits, contracts, obligations, liabilities, accounts, offsets, rights, actions and causes of action for contribution and indemnity, whether arising at law or in equity, including without limitation, claims arising from or related to any act, omission, communication, transaction, occurrence, representation, misrepresentation, deceit, statement, promise, damage, breach of contract, fraud, commission of any tort, violation of any state or federal law, or usury, whether presently possessed or possessed in the future, whether known or unknown, whether liability be direct or indirect, liquidated or unliquidated, whether presently accrued or to accrue hereafter, whether absolute or contingent, foreseen or unforeseen, and whether or not heretofore asserted, or any other matter whatsoever or thing done, omitted or suffered. This release shall not include and does not affect SLBW and Groll's obligations to the Trustee and the Estate pursuant to this Stipulation.

11.     The Stipulation also contains, among other things, (a) representations and warranties by SLBW and Groll, (b) default provisions, (c) a waiver of any claims that SLBW and Groll may possess against the Estate and (d) mutual general release between the Trustee and SLBW and Groll.

Case No.: 08-11384-BKC-LMI
Adv. Proc. No. 10-2993-BKC-LMI-A

## Legal Standard for Settlement

12.  The Trustee recommends approval of the settlement because it is fair and reasonable, falls within the range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation in this matter and increases the dividend available to creditors.

13.  Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[2]

14.  As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (internal citations omitted).

15.  The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 B.R. at 891 (internal citations omitted).

16.  According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

    (a)    the probability of success in the litigation;
    (b)    the difficulties, if any, to be encountered in the matter of collection;
    (c)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
    (d)    the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990).

---

[2] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for Southern District of Florida permits, <u>inter</u> alia, relief without a hearing for motions to approve settlement.

4

Case No.: 08-11384-BKC-LMI
Adv. Proc. No. 10-2993-BKC-LMI-A

17. The Trustee believes that the proposed settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estates because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

18. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B."

**WHEREFORE**, Joel L. Tabas, as Chapter 7 Trustee for the Estate of Hardware Imagination, Inc., respectfully requests this Honorable Court enter an Order (1) granting the instant Motion, (2) approving the Stipulation, and (3) granting such other and further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true copy of the foregoing was served the 16th day of June, 2011, via Electronic Transmission, to: **Patrick Patrissi, Esquire**, (ppatrissi@slbwlaw.com) Smoler Lerman, Bente & Whitebook, P.A., 2611 Hollywood Blvd., Hollywood, Florida 33020-4840.

Respectfully submitted,

/s/ Keith R. Gaudioso
Joel L. Tabas
Fla. Bar No. 516902
Keith R. Gaudioso
Fla. Bar No. 34436
TABAS, FREEDMAN & SOLOFF, P.A.
Attorneys for Plaintiff
14 N.E. First Avenue, PH
Miami, Florida 33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
Joel@tabasfreedman.com
Keith@tabasfreedman.com

5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:	Case No. 08-11384--BKC-LMI
	Chapter 7
HARDWARE IMAGINATION, INC.

___Debtor_____/

## STIPULATION TO COMPROMISE CONTROVERSY WITH SMOLER, LERMAN, BENTE & WHITEBOOK, P.A. AND PAUL GROLL

This Stipulation to Compromise Controversy with Smoler, Lerman, Bente & Whitebook, P.A. and Paul Groll, (the "Stipulation") is entered into by and between Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Hardware Imagination, Inc. (the "Trustee") and Smoler, Lerman, Bente & Whitebook P.A. ("SLBW") and Paul Groll ("Groll") (hereinafter collectively referred to as the "Settlement Parties").

### RECITALS

**WHEREAS,** on February 6, 2008 (the "Petition Date"), Hardware Imagination, Inc. (the "Debtor") filed an involuntary Chapter 7 bankruptcy petition which was assigned Case No.: 08-11384-BKC-LMI (the "Main Case");

**WHEREAS,** from the Petition Date through March 26, 2008, the Debtor operated as a debtor-in-possession;

**WHEREAS,** on March 12, 2008, the Court entered its Orders for Relief in Involuntary Case and Setting Deadline for Filing Schedules, Statement of Financial Affairs and Other Documents (the "Orders for Relief") [D.E. #9].

**WHEREAS,** on March 26, 2008, Joel L. Tabas was appointed as Chapter 7 Trustee (*see* D.E. #11);

**WHEREAS,** the Trustee made demand upon SLBW for repayment of alleged preferential and/or fraudulent transfers in the sum of $60,000.00 (the "Claim");



**WHEREAS,** SLBW responded by asserting that it was a mere conduit for the funds which were for the benefit of Paul Groll or entities owned or controlled by him.

**WHEREAS,** on or about May 12, 2010, the Trustee filed his Complaint (the "Adversary Complaint") against Smoler, Lerman, Bente & Whitebook, P.A. and Paul Groll, which was assigned case number 10-2993-BKC-LMI (the "Adversary Proceeding");

**WHEREAS,** SLBW and Groll dispute the Claim and certain of the allegations contained in the Adversary Complaint, and assert that they possess certain defenses to the Claim, including, without limitation, a "mere conduit" defense on behalf of SLBW and the defense of a prior release of all claims on behalf of Groll.

**WHEREAS,** given the uncertainty and expense of litigation and collection, the Settlement Parties have agreed to settle the Claim and the Adversary Proceeding on the terms and conditions set forth herein.

## AGREEMENT

**NOW, THEREFORE,** in consideration of the foregoing, the mutual covenants and considerations set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Settlement Parties agree to the following terms and conditions:

1. **RECITALS**: The Settlement Parties agree that the recitals above are true and correct.

2. **SETTLEMENT PAYMENT**: Paul Groll shall pay to the Trustee the sum of $20,000.00 on or before August 29, 2011, in full and complete settlement of the Claim and the Adversary Proceeding (the "Settlement Payment"). The Settlement Payment shall be delivered to the Trustee, c/o Keith R. Gaudioso, Esquire, Tabas, Freedman, Soloff, Miller & Brown, P.A.,

One Flagler Building, 14 N.E. First Avenue, Penthouse, Miami, Florida 33132. The Trustee's claims against SLBW are reserved pending Settlement Payment by Groll.

3. **DEFAULT**: Paul Groll agrees that in the event of a default of paragraph two (2) of this Stipulation, and after providing notice to Paul Groll's counsel, by facsimile transmission and electronic mail, at the facsimile number and e-mail address set forth on the signature page of this Stipulation, and a five (5) day period to cure the default from the date of the notice, the Trustee shall have the right to file a Notice of Default, and shall be entitled to the entry of a final judgment for the full amount of the claim ($60,000.00), less any amount paid by Paul Groll, plus interest which shall accrue at legal rate from the date of default, plus reasonable attorneys' fees and costs incurred by the Trustee, by filing an *Ex Parte* Motion for Entry of Final Judgment Pursuant to Settlement. Further, in the event of a default and failure to cure the default as provided above, the Trustee may proceed with its claims against SLBW in this Adversary.

4. **DISMISSAL OF ADVERSARY PROCEEDING**: Upon receipt of the Settlement Payment, counsel for the Trustee will prepare and file a Notice of Dismissal with Prejudice of the Adversary Proceeding, and all releases contained in their Agreement shall be in full force and effect.

5. **CLAIM:** The Settlement Parties agree that Smoler, Lerman, Bente and Whitebook, P.A. and Paul Groll hold no claim in the above-captioned case, and are entitled to no distribution from the Estate. In addition, Smoler, Lerman, Bente and Whitebook, P.A. and Paul Groll waive any rights they may possess pursuant to 11 U.S.C. §§ 502 and 503.

6. **REPRESENTATION AND WARRANTIES:** The Settlement Parties mutually represent and warrant that (i) they have full power and authority to negotiate, execute and perform the terms and provisions of this Stipulation; (ii) the execution of this Stipulation does

Case No.: 08-11384-BKC-LMI
Adv. Proc. No. 10-2993-BKC-LMI-A

not put either of the Settlement Parties in violation of any agreements to which they are a party; and (iii) the Stipulation is duly executed and delivered by the Settlement Parties and constitutes a legal, valid, and binding obligation enforceable in accordance with the terms hereof. Smoler, Lerman, Bente and Whitebook, P.A. and Paul Groll understand and acknowledge that the Trustee is materially relying on the representations and warranties set forth in this Stipulation, but for which the Trustee would not have entered into the settlement subject of this Stipulation. Should the Trustee discover that any of Smoler, Lerman, Bente and Whitebook, P.A. and Paul Groll's representations and warranties contained herein are materially untrue, the Trustee shall be entitled to the *ex parte* entry of (1) an order declaring this Stipulation void and (2) a final judgment for the full amount of the claim ($60,000.00), less any amount paid by Paul Groll pursuant to this Stipulation, plus reasonable attorneys' fees and costs incurred by the Trustee.

7.    **RELEASE BY THE TRUSTEE**:    In consideration for the settlement herein outlined and covenants contained in this Stipulation, the Trustee, on behalf of the Estate, upon (i) execution of this Stipulation, (ii) entry of the Approval Order, and (iii) receipt of the Settlement Payment, releases Smoler, Lerman, Bente & Whitbook, P.A. and Paul Groll, and their subsidiaries, and affiliates, jointly and severally, from any and all claims, counterclaims, avoidance actions, demands, damages, debts, agreements, covenants, suits, contracts, obligations, liabilities, accounts, offsets, rights, actions and causes of action for contribution and indemnity, whether arising at law or in equity, including without limitation, claims arising from or related to any act, omission, communication, transaction, occurrence, representation, misrepresentation, deceit, statement, promise, damage, breach of contract, fraud, commission of any tort, violation of any state or federal law, or usury, whether presently possessed or possessed in the future, whether known or unknown, whether liability be direct or indirect,

4

liquidated or unliquidated, whether presently accrued or to accrue hereafter, whether absolute or contingent, foreseen or unforeseen, and whether or not heretofore asserted, or any other matter whatsoever or thing done, omitted or suffered to be done by SLBW and Groll, including, but not limited to any and all claims arising from or related to the above-captioned Bankruptcy Case, the Claim and the Adversary Proceeding. **This release shall not include and does not affect SLBW and Groll's obligations to the Trustee and the Estate pursuant to this Stipulation.**

8. **RELEASE BY SLBW & GROLL:** In consideration for the settlement herein outlined and covenants contained in this Stipulation, SLBW and Groll hereby release the Trustee and the Bankruptcy Estate, and their respective predecessors, successors, assigns, officers, managers, directors, shareholders, employees, agents, attorneys, representatives and affiliates (collectively referred to as the "Trustee Released Parties"), jointly and severally from any and all claims, counterclaims, avoidance actions, demands, damages, debts, agreements, covenants, suits, contracts, obligations, liabilities, accounts, offsets, rights, actions and causes of action for contribution and indemnity, whether arising at law or in equity, including without limitation, claims arising from or related to any act, omission, communication, transaction, occurrence, representation, misrepresentation, deceit, statement, promise, damage, breach of contract, fraud, commission of any tort, violation of any state or federal law, or usury, whether presently possessed or possessed in the future, whether known or unknown, whether liability be direct or indirect, liquidated or unliquidated, whether presently accrued or to accrue hereafter, whether absolute or contingent, foreseen or unforeseen, and whether or not heretofore asserted, or any other matter whatsoever or thing done, omitted or suffered to be done by any of the Trustee Released Parties, including but not limited to any and all claims

Case No.: 08-11384-BKC-LMI
Adv. Proc. No. 10-2993-BKC-LMI-A

arising from or related to the above-captioned Bankruptcy Case, the Claim and the Adversary Proceeding. **This release shall not include and does not affect the obligations to SLBW and Groll pursuant to this Stipulation.**

9. **CHOICE OF LAW:** This Stipulation shall be construed in accordance with the laws of the State of Florida, both substantive and remedial.

10. **ENTIRE AGREEMENT:** This Stipulation represents the entire understanding and agreement between the Settlement Parties, and supersedes any and all other agreements, either oral or in writing, between the Settlement Parties hereto with respect to the subject matter hereof. The Settlement Parties stipulate and agree that no promise, warranty, representation, inducement or agreement, written or oral, not expressed or referred to in this Stipulation, has been made and/or relied upon.

11. **MODIFICATIONS:** This Stipulation may not be modified or amended in any respect whatsoever, except by a writing signed by all of the Settlement Parties.

12. **WAIVER:** No waiver of any provisions of this Stipulation shall be valid unless in writing and signed by the party against whom charged.

13. **CONSTRUCTION AND HEADINGS:** In giving meaning to this Stipulation, the singular shall be held to include the plural, the plural shall be held to include the singular. The Settlement Parties agree that the section headings contained herein are included for convenience only and are not to be deemed part of this Stipulation.

14. **BINDING EFFECT:** This Stipulation, upon execution, is binding upon the Settlement Parties hereto, their heirs, successors, and assigns.

Case No.: 08-11384-BKC-LMI
Adv. Proc. No. 10-2993-BKC-LMI-A

15. **NO SEVERABILITY:** If any part of this Stipulation is deemed to be invalid in any court of law, the remaining provisions of this Stipulation will thereby also be rendered invalid and of no effect, and may not be enforced.

16. **ENFORCEMENT:** Each party may enforce this Stipulation as a valid contract, and may obtain any lawful remedy including injunctive relief enforcing the Stipulation. The Settlement Parties agree that the United States Bankruptcy Court, Southern District of Florida (the "Bankruptcy Court") has personal jurisdiction over the Settlement Parties, and shall retain jurisdiction to enforce the terms of this Stipulation.

17. **DRAFTING, ADVICE OF COUNSEL, AND VOLUNTARY EXECUTION:** The Settlement Parties acknowledge and agree that (i) each of the Settlement Parties has read, fully understands, and agrees to each page of this Stipulation; (ii) each of the Settlement Parties has had the benefit of the advice of counsel and has signed the Stipulation only after due consideration and consultation with its respective attorneys; (iii) each of the Settlement Parties has participated fully in negotiating and drafting the terms hereof; and (iv) each of the Settlement Parties has entered into this Stipulation freely voluntarily, without duress, coercion or fraudulent inducement, and for valuable consideration. Accordingly, this Stipulation shall not be more strictly construed against either of the Settlement Parties than against the other.

18. **CONSIDERATION:** The Settlement Parties hereto acknowledge and agree that each is foregoing certain rights and assuming certain duties and obligations, which, but for this Stipulation, would not have been foregone or assumed. Accordingly, the Settlement Parties agree that this Stipulation is fully and adequately supported by consideration and is fair and reasonable in all of its terms.

7

Case No.: 08-11384-BKC-LMI
Adv. Proc. No. 10-2993-BKC-LMI-A

19. **COUNTERPARTS.** This Stipulation may be executed in counterparts which, taken together, shall constitute one and the same agreement, and facsimile signatures shall be deemed originals.

20. **ATTORNEYS' FEES AND COSTS:** Each of the Settlement Parties agrees to bear its own respective attorneys' fees, costs and expenses incurred in the prosecution or defense of the Claim, the Adversary Proceeding and the Main Case, as well as incurred in connection with the negotiation and preparation of this Stipulation.

21. **APPROVAL ORDER:** The Trustee shall promptly seek the entry of the Approval Order from the Bankruptcy Court.

22. **BEST EFFORTS:** The Settlement Parties shall use their best efforts to obtain Bankruptcy Court approval of this Stipulation. Without limiting the foregoing, the Settlement Parties shall not take, or cause any persons or entities to take, any actions calculated or intended to decrease the likelihood of obtaining such approval.

23. **FURTHER COOPERATION:** The Settlement Parties shall further cooperate with each other and execute any additional documents which are reasonable and necessary to achieve the settlement described herein.

**[SIGNATURES ON NEXT PAGE]**

Case No.: 08-11384-BKC-LMI
Adv. Proc. No. 10-2993-BKC-LMI-A

Dated this 10th day of ~~April~~ June, 2011

Dated this 15th day of ~~April~~ June, 2011

**Smoler, Lerman, Bente & Whitebook, P.A.**

By: _____
Title: President

By: _____
Paul Groll

_____
Patrick Patrissi, Esquire
Fla. Bar No.: 302996
Smoler, Lerman, Bente, Whitebook, P.A.
Attorneys for SLBW & Groll
2611 Hollywood Blvd.
Hollywood, FL 33020
Telephone: (954) 922-2811
Telefax:    (954) 922-2841
ppatrissi@slbwlaw.com

_____
Joel L. Tabas, as Chapter 7 Trustee of the
Bankruptcy Estate of Hardware Imagination, Inc.

_____
Keith R. Gaudioso
Fla. Bar No.: 34436
Tabas, Freedman, Soloff, Miller & Brown, P.A.
Attorneys for Trustee, Joel L. Tabas
14 N.E. First Avenue, Penthouse
Miami, Florida 33132
Telephone: (305) 375-8171
Telefax:    (305) 381-7708
Keith@tabasfreedman.com

9

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                  Case No. 08-11384--BKC-LMI
                                                                              Chapter 7
HARDWARE IMAGINATION, INC.

_____Debtor_____/

[PROPOSED]
**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT WITH SMOLER, LERMAN, BENTE & WHITEBOOK, P.A. AND PAUL GROLL**

**THIS CAUSE** having come before the Court upon Joel L. Tabas, Trustee's Motion to Approve Stipulation For Compromise and Settlement With Smoler, Lerman, Bente & Whitebook, P.A. and Paul Groll (the "Motion") (D.E. #___), and the Court, having reviewed the Motion and the Certificate of No Response, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), and thus, is in the best interests of this estate, and finding that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D) and any other applicable notice requirement, it is


EXHIBIT "B"

Case No.: 08-17075-BKC-AJC

**ORDERED** as follows:

1. The Motion is granted.

2. The compromise and settlement is approved on the terms and conditions set forth in the Motion and the Stipulation attached to the Motion.

3. The Court incorporates the terms of the Stipulation into this Order and retains jurisdiction to enforce the terms thereof.

**###**

Submitted by:

Keith R. Gaudioso
Florida Bar No.34436
Tabas, Freedman, Soloff, Miller & Brown, P.A.
Attorneys for the Trustee, Joel L. Tabas
14 Northeast First Avenue - Penthouse
Miami, Florida 33132
Telephone:  (305) 375-8171
Telefax:  (305) 381-7708
Keith@tabasfreedman.com

Copy furnished to:
Joel L. Tabas, Esquire
Attorney Keith R. Gaudioso shall serve copies of this Order on all interested parties and file a certificate of service.